UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MADELYN LUDWIG, | ) |
|               Plaintiff, | ) Case No. 20 C 3787 |
| v. | ) Judge John Z. Lee |
| COREY DEANES and CITY OF CHICAGO, ILLINOIS, a Municipal Corporation, | ) Magistrate Judge Sheila M. Finnegan |
|               Defendants. | ) JURY TRIAL DEMANDED |

**FIRST AMENDED CIVIL RIGHTS COMPLAINT**

Plaintiff, MADELYN LUDWIG, by and through her attorneys, Irene K. Dymkar and Shamoyita M. DasGupta, complains against defendants, COREY DEANES and CITY OF CHICAGO, as follows:

1. This action arises under the United States Constitution and the laws of the United States, specifically 42 U.S.C. § 1983, to redress deprivations of the civil rights of the plaintiff, MADELYN LUDWIG, through acts and/or omissions of defendants, COREY DEANES and CITY OF CHICAGO, ILLINOIS, committed under color of law. Specifically here, defendants deprived plaintiff of her rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**JURISDICTION AND VENUE**

2. Jurisdiction is based upon 28 U.S.C. §§ 1343 and 1331.

3. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this jurisdiction.

## PARTIES

4. At all times herein mentioned, plaintiff MADELYN LUDWIG was and is a citizen of the United States and the State of Illinois.

5. At all times herein mentioned, defendant COREY DEANES was a sworn member of the Chicago Police Department, on duty, in uniform, in a marked car, and responding to a police call for assistance.

6. At all times herein mentioned, defendant DEANES was acting under color of state law.

7. At all times herein mentioned, defendant DEANES was an employee or agent of the CITY OF CHICAGO, ILLINOIS.

8. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

9. Early in the morning of July 1, 2018, plaintiff LUDWIG was coming home from work and arrived at her apartment at 612 W. Barry Avenue, in Chicago, Illinois.

10. When plaintiff LUDWIG arrived in front of her multi-unit apartment building, she saw that there was a man on the stoop of her building, who might have been homeless.

11. Being alone and not knowing this man, plaintiff LUDWIG was nervous about the man's presence on her stoop, as she could not get to the front door of the building without passing close to the man.

12. Plaintiff LUDWIG dialed 911 for assistance.

13. Plaintiff LUDWIG waited at a nearby business establishment, until a dispatcher called her back to notify her that a police officer had arrived.

14. Plaintiff LUDWIG encountered defendant DEANES in front of her home and learned that the homeless man had left. Plaintiff LUDWIG thanked defendant DEANES and was prepared to proceed into her home.

15. Defendant DEANES started asking plaintiff LUDWIG personal questions and wanted to know what apartment she lived in.

16. Defendant DEANES then informed plaintiff LUDWIG that he would be "checking up on [her] from time to time."

17. When plaintiff LUDWIG then attempted to get away from DEANES and go up the stairs to her building, defendant DEANES stopped her, and asked her, "What you got going there?"

18. Defendant DEANES grabbed plaintiff LUDWIG's wrist and pulled her arm to the side, to better examine the clothing she was wearing.

19. DEANES's actions opened LUDWIG's outerwear and DEANES proceeded to check out plaintiff LUDWIG's body, commenting, "Oh ok, ok," as he did so.

20. Plaintiff LUDWIG was terrified because she was alone and DEANES was an armed Chicago police officer who was detaining her against her will.

21. Plaintiff DEANES started questioning LUDWIG, asking why she was out so late. LUDWIG tried to get away from DEANES. She was not free to leave.

22. DEANES pinched LUDWIG's front pocket and put his fingers inside, searching her pocket. Then defendant DEANES pinched the back pocket of her shorts. DEANES asked where LUDWIG's rent money was.

23. Plaintiff LUDWIG felt threatened and was terrified during the detention and search.

24. When DEANES pressed her as to what apartment she lived in, LUDWIG lied.

25. After defendant DEANES finally let her go, plaintiff LUDWIG quickly buzzed herself into her apartment, at which point she emotionally broke down and told her spouse what had happened. Her spouse is an attorney.

26. Plaintiff LUDWIG reported the incident to the Civilian Office of Police Accountability.

27. Detectives from the Chicago Police Department Bureau of Internal Affairs came to her home in October 2018 and interviewed her.

28. DEANES was not criminally charged until May 2019, approximately ten months after this incident took place. He was indicted on felony charges in June 2019.

29. The Chicago Police Department was aware of defendant DEANES's multiple incidents of aggressive and inappropriate behavior towards women as early as 2011, but did nothing to curb this behavior, re-train him, or discipline him.

30. DEANES was assaultive towards other women during his tenure as a Chicago police officer.

31. Other officers and supervisors knew about DEANES's assaultive behavior, but because of the Code of Silence, did not report or intervene to stop the behavior. Other officers and supervisors who reported the assaultive behavior were ridiculed or ignored.

32. The Chicago Police Department had a practice of ignoring or turning a blind eye to this type of abusive and unconstitutional behavior. It did not adequate train its officers to

prevent this type of abusive and unconstitutional behavior and did not discipline its officers when this type of abusive and unconstitutional behavior occurred.

33. By reason of the above-described acts and omissions of defendants set forth in the above paragraphs, plaintiff LUDWIG sustained a loss of freedom, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to her damage.

34. The aforementioned acts of defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff LUDWIG's rights and justify the awarding of exemplary and punitive damages.

35. By reason of the above-described acts and omissions of defendants DEANES and the CITY OF CHICAGO, plaintiff LUDWIG was required to retain an attorney to institute, prosecute, and render legal assistance to her in the within action, so that she might vindicate the loss and impairment of her rights. By reason thereof, plaintiff LUDWIG requests payment by the individual defendant of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
**Plaintiff, MADELYN LUDWIG, Against Defendant COREY DEANES for Illegal Stop and Detention**

36. Plaintiff, MADELYN LUDWIG, incorporates and re-alleges paragraphs 1 - 35, as though set forth herein in their entirety.

37. The stop and detention of plaintiff LUDWIG by defendant DEANES were without probable cause or even reasonable suspicion to believe that plaintiff LUDWIG was involved in any criminal activity, and without any other legal cause.

38. The detention was unconstitutional at its inception and unconstitutional in its scope. The length of the detention and the circumstances of the detention were not reasonable and extended beyond the time necessary for any possible legitimate police inquiry.

39. By reason of the conduct of defendant DEANES, plaintiff LUDWIG was deprived of rights, privileges, and immunities secured to her by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendant DEANES is liable to plaintiff LUDWIG pursuant to 42 U.S.C. § 1983.

## COUNT II
**Plaintiff, MADELYN LUDWIG, Against Defendant COREY DEANES for Illegal Search**

40. Plaintiff, MADELYN LUDWIG, incorporates and re-alleges paragraphs 1 - 35, as though set forth herein in their entirety.

41. Defendant DEANES illegally searched plaintiff LUDWIG's person during this illegal stop and detention. There was no probable cause to search LUDWIG and not even any justification for a protective frisk.

42. The search was unconstitutional at its inception and unconstitutional in its scope. The length of the search and the circumstances of the search were not reasonable, were intrusive, and extended beyond the time necessary for any possible legitimate police inquiry.

43. By reason of the conduct of defendant DEANES, plaintiff LUDWIG was deprived of rights, privileges, and immunities secured to her by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder, as well as the laws of the State of Illinois. Therefore, defendant DEANES is liable to plaintiff LUDWIG pursuant to 42 U.S.C. § 1983.

## COUNT III
**Plaintiff, MADELYN LUDWIG, Against Defendant COREY DEANES, in the Alternative, for Assault**

44. Plaintiff, MADELYN LUDWIG, incorporates and re-alleges paragraphs 1 - 35, as though set forth herein in their entirety.

45. Defendant DEANES made threatening gestures which created a reasonable apprehension of an imminent battery and caused LUDWIG to be reasonably fearful.

46. Defendant DEANES is liable to plaintiff under Illinois law for the state supplemental claim of assault.

47. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

## COUNT IV
**Plaintiff, MADELYN LUDWIG, Against Defendant COREY DEANES, in the Alternative, for Battery**

48. Plaintiff, MADELYN LUDWIG, incorporates and re-alleges paragraphs 1 - 35, as though set forth herein in their entirety.

49. Defendant DEANES made physical contact of an insulting, provoking, or injurious nature with plaintiff, without her consent. The conduct of the defendant DEANES was without legal justification.

50. Defendant DEANES is therefore liable to plaintiff under Illinois law for the state supplemental claim of battery.

51. Defendant CITY OF CHICAGO is liable for the acts of the individual defendants pursuant to the doctrine of *respondeat superior*.

## COUNT V
**Plaintiff, MADELYN LUDWIG, Against Defendant COREY DEANES, in the Alternative, for Intentional Infliction of Emotional Distress**

52. Plaintiff, MADELYN LUDWIG, incorporates and re-alleges paragraphs 1 - 35, as though set forth herein in their entirety.

53. The conduct of the defendant DEANES was extreme and outrageous. Defendant intended to inflict severe emotional distress on plaintiff LUDWIG or knew that there was a high probability that his conduct would do so.

54. Defendants' conduct did, in fact, cause plaintiff severe emotional distress.

55. Defendant DEANES is therefore liable to plaintiff under Illinois law for the state supplemental claim of intentional infliction of emotional distress.

56. Defendant CITY OF CHICAGO is liable for the acts of individual defendants pursuant to the doctrine of *respondeat superior.*

## COUNT VI
**Plaintiff, MADELYN LUDWIG, Against Defendant CITY OF CHICAGO for *Monell* Claim**

57. Plaintiff, MADELYN LUDWIG, incorporates and re-alleges paragraphs 1 - 35, as though set forth herein in their entirety.

58. The misconduct described in paragraphs 1 - 35 occurred because of a policy or practice of the Chicago Police Department in that:

  a. As a matter of both policy and practice, the Chicago Police Department directly enables or encourages, and thereby is the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, or control its officers, such that its failure to do so manifests deliberate indifference.

b. As a matter of both policy and procedure, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiff.

c. Municipal policy-makers are aware of, condone, and facilitate by their inaction a "Code of Silence" in the Chicago Police Department by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case, and are indifferent to or punish officers who do step forward to report the misconduct of other officers.

d. The CITY OF CHICAGO has failed to act to remedy the patterns of abuse described herein, despite actual knowledge of same, thereby causing the types of injuries alleged here.

59. The policies and practices listed above were the moving force behind the constitutional violations alleged by plaintiff LUDWIG herein and by other citizens. The Chicago Police Department knew that defendant DEANES was abusive towards women since at least 2011. His victims were not only private citizens, but also women police officers. Nevertheless, the Chicago Police Department as a policy or practice failed to take any action against DEANES to curb this behavior, re-train him, or discipline him, as it has failed to do with other officers engaged in similar conduct. Employees of the CITY OF CHICAGO adhered to the police Code

of Silence, which was condoned by the Chicago Police Department. The CITY OF CHICAGO directly encouraged and enabled abuses such as those affecting plaintiff and others, and thus exhibited deliberate indifference.

60. By reason of the policies, practices, and procedures of defendant CITY OF CHICAGO, plaintiff, MADELYN LUDWIG, was deprived of rights, privileges, and immunities secured to her by the Fourth and Fourteenth Amendments to the Constitution of the United States. Therefore, defendant CITY OF CHICAGO is liable to plaintiff LUDWIG pursuant to 42 U.S.C. § 1983.

61. Plaintiff seeks both compensatory damages and equitable relief from the CITY OF CHICAGO. Plaintiff asks that the Court issue an injunction ordering the CITY OF CHICAGO to investigate, discipline, and punish defendant DEANES for his misconduct, and order him to stay away from plaintiff.

62. Plaintiffs also asks that the Court issue a declaratory judgment declaring that the CITY OF CHICAGO engages in a Code of Silence by which officers fail to report misconduct committed by other officers, and is indifferent to or punishes officers who do step forward to report the misconduct of other officers.

### COUNT VII
### Plaintiff, MADELYN LUDWIG, Against Defendant CITY OF CHICAGO for Indemnification (735 ILCS 10/9-102)

63. Plaintiff, MADELYN LUDWIG, incorporates and alleges paragraphs 1 - 62, as though set forth herein in their entirety.

64. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

65. Defendant DEANES was an employee of the CITY OF CHICAGO and acted within the scope of his employment in committing the misconduct described herein.

66. Defendant CITY OF CHICAGO is thus liable under the theory of indemnification.

WHEREFORE, plaintiff, MADELYN LUDWIG, requests judgment as follows against defendants, COREY DEANES and CITY OF CHICAGO, in the claims set forth above, and specifically:

    A.    That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter;

    B.    That defendants be required to pay plaintiff special damages, in a sum to be ascertained at a trial of this matter;

    C.    That defendant DEANES be required to pay plaintiff punitive damages in a sum to be ascertained at a trial of this matter;

    D.    That the Court issue an injunction ordering the CITY OF CHICAGO to investigate, discipline, and punish defendant DEANES for his misconduct and order DEANES to stay away from plaintiff;

    E.    That the Court issue a declaratory judgment declaring that the CITY OF CHICAGO engages in a Code of Silence by which officers fail to report misconduct committed by other officers, and is indifferent to or punishes officers who do step forward to report the misconduct of other officers.

    F.    That defendants be required to pay plaintiff's attorneys' fees pursuant to 42. U.S.C. § 1988, the Equal Access to Justice Act, or any other applicable provision;

    G.    That defendants be required to pay plaintiff's costs of the suit herein incurred; and

    H.    That plaintiff be granted such other and further relief as this Court may deem just and proper.

**Plaintiff hereby requests a TRIAL BY JURY.**

Dated: July 20, 2020                                                   /s/   Irene K. Dymkar
                                                                                         Irene K. Dymkar

Plaintiff's Attorneys:

Irene K. Dymkar
Shamoyita M. DasGupta
Attorneys for Plaintiff
Law Offices of Irene K. Dymkar
53 W. Jackson, Suite 733
Chicago, IL 60604
(312) 345-0123